UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| GEORGENAN LOPEZ-VIGO,<br><br>Plaintiff,<br><br>v.<br><br>COMMONWEALTH OF PUERTO RICO; ADMINISTRATION DE CORRECCION, ALEJANDRO GARCIA-PADILLA,<br><br>Defendants. | Civil No. 13-1071 (JAF) |

**OPINION AND ORDER**

Plaintiff Georgenan López-Vigo ("Plaintiff") is suing the Commonwealth of Puerto Rico, the Administración de Corrección, and Alejandro García-Padilla ("Defendants") under the Civil Rights Act, 42 U.S.C. § 1983. Plaintiff asks the court to acknowledge that civil rights violations occurred and to award him one million five hundred thousand dollars ($1,500,000) in damages. (Docket No. 1.) Defendants move to dismiss the claim. (Docket No. 14.) Plaintiff moves us to appoint counsel. (Docket No.17.) After reviewing the arguments, we grant the motion to dismiss and deny the motion to appoint counsel.

**I.**

**Background**

Plaintiff filed his complaint on January 31, 2013. (Docket No. 1.) His complaint alleges that:

> By October 21, 2011, the officers Felix Morales, Madera, Oliver and Rivera fabricated a drug case against the plaintiff and his wife. After discovering the fabrication, the court dismissed the charges at the first Instance Court of Ponce. For that, on represalies [sic], on the 29 of November of 2011, the plaintiff was object of a beaten [sic] from the correctional officers causing great damages that includes [sic] internal fisures [sic] and damages.

(Docket No. 1.) On August 26, 2013, Defendants filed a motion to dismiss for failure to exhaust the available administrative remedies, as well as upon other grounds. (Docket No. 14.) On September 6, 2013, Plaintiff filed a motion to appoint counsel. (Docket No. 17.)

Prior to filing this case, Plaintiff filed several grievances through the prison's administrative process. (Docket No. 14.) On December 9, 2011, Plaintiff filed his first request for administrative remedy. He stated that after the court hearing in Ponce, a fellow inmate "screamed and screamed" while they were in the bus returning to prison. (Docket No. 21-1.) Plaintiff states that, after a brief vehicle stop, the inmate began screaming again. He says that, at that point, officer Colón pulled Plaintiff out of the bus, where the officers punched and kicked him, and then punched him again inside the bus. (Docket No. 21-1.) Plaintiff says that he reported the incident unsuccessfully to a supervisor, and that he suffered "pain in my head, stomach, back and neck, two days later I filled out *sipcole* [sense unknown] for headaches and vomiting with blood particulate and with blood in my stool." (Docket No. 21-1.) The Administrative Remedies Division responded to his grievance on March 13, 2012. (Docket No. 21-2.) The report said that another inmate "voluntarily made a statement alleging that two inmates dressed in blue

assaulted him, kicking him in the head and spitting in his face" and that Plaintiff was one of the inmates who assaulted that inmate. (Docket No. 21-2.) Plaintiff filed a request for reconsideration on March 23, 2012, reiterating the same facts and asking for an attorney. (Docket No. 21-3.) On April 31, 2012, his request for reconsideration was denied. (Docket No. 21-4.) The order noted that "as shown in the institutional serious incidents report, there was no use of force by the officers." (Docket No. 21-4.) The order also advised Plaintiff of his right to request judicial review before the court of appeals within thirty days, in accordance with the Uniform Administrative Procedures Act of the Commonwealth of Puerto Rico, Section 4.2 of Public Law No. 170. (Docket No. 21-4.)

On December 30, 2011, Plaintiff filed a second request for administrative remedy. He stated the same facts. (Docket No. 21-6.) The Administrative Remedies Division dismissed his request because he had already filed a grievance in this matter. (Docket No. 21-7.) Plaintiff requested a reconsideration of this dismissal on February 2, 2012. (Docket No. 21-8.) On February 14, 2012, the Administrative Remedies Division confirmed the dismissal and advised Plaintiff of his right to request judicial review before the court of appeals within thirty days. (Docket No. 21-9.)

On March 23, 2012, Plaintiff filed his third request for administrative remedy. (Docket No. 21-11.) He alleged that Officer Morales "tried to fabricate a case against me saying that I had introduced substances into the institution and on February 23, 2011, the case was dismissed and now he will not stop watching me to see what I do or do not do." (Docket No. 21-11.) He also alleged that his family "feels uncomfortable with the way [Officer Morales] stares and points at my table" in the visiting area. (Docket No. 21-11.)

The Administrative Remedies Division denied Plaintiff's complaint on July 9, 2012, writing that "Officer Morales performs his duties in an efficient manner. Nonetheless, any family member visiting our institution has the right to be treated fairly and respectfully." (Docket No. 21-12.) Plaintiff filed a request for reconsideration on July 21, 2012, writing that "Officer Morales does not perform his duties in an efficient manner, since there are several complaints [and] grievances for the same reason from several inmates." (Docket No. 21-13.) The Administrative Remedies Division confirmed the original response on September 6, 2012, and advised Plaintiff that he had the right to request judicial review before the court of appeals within thirty days. (Docket No. 21-14.)

We have no record of filings before the court of appeals. Prior to the instant case, Plaintiff also filed a complaint in state court on November 26, 2012, which he describes as still pending. (Docket No. 1.)

## II.

## **Legal Analysis**

A plaintiff's complaint will survive a motion to dismiss if it alleges sufficient facts to establish a plausible claim for relief. See Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009)(citing Bell Atl. Corp. v. Twombly, 550 U.S. 544 570 (2007)). In assessing a claim's plausibility, the court must construe the complaint in the plaintiff's favor, accept all non-conclusory allegations as true, and draw any reasonable inferences in favor of the plaintiff. Rodriguez-Ramos, 685 F.3d at 39-40 (citation omitted).

First, we must assess Plaintiff's claims with respect to the Prison Reform Litigation Act, 42 U.S.C.A. § 1997e. The act states that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C.A. § 1997e(a); See also Woodford v. Ngo, 548 U.S. 81 (2006) (detailing the need for "proper exhaustion"). This exhaustion requirement is mandatory. Casanova v. Dubois, 289 F.3d 142, 147 (2002). Even if the plaintiff seeks monetary relief which the prison administrative process does not encompass, the inmate is still not excused from completing the prison administrative process. Booth v. Churner, 532 U.S. 731 (2001).

As explained in the three responses to Plaintiff's requests for reconsideration, he needed to appeal the decision before the state court of appeals within thirty days, in accordance with the Uniform Administrative Procedures Act of the Commonwealth of Puerto Rico, Section 4.2 of Public Law No. 170. (Docket No. 21-4.) He did not do so. Therefore, Plaintiff failed to exhaust his administrative remedies and he is barred from bringing this action in federal court.

Even if Plaintiff had exhausted his administrative remedies, his claim for monetary damages would need to be dismissed. The Prison Reform Litigation Act states that "the court shall dismiss any action brought with respect to prison conditions under section 1983 if the court is satisfied that the action "seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C.A. § 1997e(c)(1). When the action is "in essence one for the recovery of money from the state, the state is the real, substantial party in

interest and is entitled to invoke its sovereign immunity." Edelman v. Jordan 415 U.S. 651, 663 (1974). Further, "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989). It is clear from the complaint that Plaintiff seeks monetary damages from the Commonwealth of Puerto Rico, a department of the Commonwealth, and an official acting in his official capacity as governor. (Docket No. 1.) Therefore, Defendants are all protected by Eleventh Amendment immunity regarding this claim for monetary damages.

Finally, the claim against Alejandro García-Padilla ("García-Padilla") must also be dismissed because, in a suit under Section 1983, a plaintiff must prove that there is a causal connection between the defendant's alleged conduct and the plaintiff's injury. Gutierrez-Rodriguez v. Cartagena, 882 F.2d 553, 558 (1st Cir. 1989). In this case, the alleged events occurred before García-Padilla took office. García-Padilla was elected in November 2012, and the alleged events occurred on October 21, 2011. (Docket Nos. 1, 14).

### III.

### Conclusion

For the foregoing reasons, Defendants' motion to dismiss (Docket No. 14) is **GRANTED**. Plaintiff's motion to appoint counsel is **DENIED**.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 6th day of February, 2014.

                     S/José Antonio Fusté
                     JOSE ANTONIO FUSTE
                     U. S. DISTRICT JUDGE